**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **JOEL RUBIN & RACHEL RUBIN** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil No. 4:26-cv-40079-MRG** |
| ) | |
| **MONSANTO COMPANY** ) | |
| **Defendant.** ) | |

<u>**PRETRIAL ORDER**</u>

**GUZMAN, J.**

It is ORDERED that the trial of this case will commence with jury selection on **Monday, January 4, 2027, at 9:00 a.m.** in Courtroom 2 on the fifth floor. The first day of trial, which is usually empanelment, will be a full day from 9 a.m. to 4 p.m. Jury selection will proceed all day if necessary, until it is finished. If jury selection ends before 1:00 p.m. on the first day of trial, opening statements and presentation of evidence will follow immediately thereafter and continue until 4:00 p.m.

Following the first day, trial will be a mix of full days and half days until completed. Half days run 9 a.m. to 1 p.m. The Court will meet with counsel at **8:30 a.m.** each day to resolve evidentiary or other legal issues.

1.      Pursuant to <u>Fed. R. Civ. P. 16</u> and Local Rule 16.5, it is further ORDERED that counsel shall appear for a Final Pretrial Conference on **Tuesday, December 29, 2026 at 2:00 p.m.** in Courtroom 2 on the fifth floor.

2.      No later than **December 11, 2026,** Counsel shall prepare and file, either jointly or separately, pretrial memoranda and/or trial documents which set forth the following:

      (1)      A trial brief covering:

1

a) a concise summary of the evidence that will be offered by the plaintiff, defendant and other parties with respect to both liability and damages (including special damages, if any);

b) a statement of facts established by the pleadings, by admissions or by stipulations. Counsel shall stipulate to all facts that are not in genuine dispute;

c) a short, neutral, one-paragraph statement of the case that will be read to the jury pool for empanelment

d) contested issues of fact;

e) any jurisdictional questions;

f) any question raised by pending motions;

g) any issues of law, including evidentiary questions, together with supporting authority;

h) any requested amendments to the pleadings;

i) any additional matters to aid in the disposition of the action;

j) the probable length of trial and whether jury or nonjury;

k) a list of the names and addresses (city and state) of witnesses who will testify at trial and the purpose of the testimony, i.e., whether factual, medical, expert, etc. The address listed for professional witnesses shall be their place of employment or home office;

l) a list of non-testifying material individuals (names and addresses) who may not be called to testify, but whose names may come up often in the trial;

m) a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in order of their introduction to the Court.

(2) Any proposed questions for the voir dire examination of the jury;

(3) Requests for instructions to the jury with citation to supporting authority. *The Court prefers a footnote citation for every assertion*;

(4) Any proposed interrogatories or special verdict form;

(5) A list of agreed-upon exhibits and any exhibits that are objected to;

This material must be filed electronically on the docket, and counsel are directed to send a word document version of the materials to the Courtroom Deputy, Suzanne Frish.

3. Any motions in limine shall be filed no later than **December 4, 2026.** Oppositions to motions in limine shall be filed no later than **December 11, 2026**. Motions and oppositions

should be supported by case law. This material must be filed electronically on the docket, and counsel are directed to send a word document version of the materials to the Courtroom Deputy, Suzanne Frish.

4.      In preparation for the Final Pretrial Conference, it is ORDERED that the Parties disclose to one another in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), by no later than the close of business on **December 4, 2026**

    a.      All photographs, documents, instruments and other objects either party intends to offer as exhibits at trial, other than solely for impeachment;

    b.      The names, addresses and telephone numbers of witnesses each party intends to call at trial, including expert witnesses;

    c.      The names of witnesses, if any, whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

5.      Following the disclosures made pursuant to the previous paragraph, the Parties shall serve upon one another, by no later than the close of business on **December 11, 2026**, a list describing any objections thereto and the grounds therefor.  As per Local Rule 16.5(C), these objections shall be one of the subjects of the pre-Final Pretrial Conference meeting (see ¶ 6, infra) and if not resolved, shall be presented to the Court in the final pretrial conference.  Objections not so disclosed, other than objections pursuant to Rules 402 and 403 under the Federal Rules of Evidence, are waived according to Fed. R. Civ. P. 26(a)(3), unless excused by the Court for good cause.

6.      In further preparation for the Final Pretrial Conference, it is ORDERED pursuant to Local Rule 16.5(D) that the parties meet personally on or before **December 21, 2026**, to discuss and negotiate settlement of the action and/or to narrow the issues to be tried. **The Court requests the parties promptly report whether, after this meeting, they intend to settle.** Any settlement on the eve of trial may result in the imposition of costs, including the costs associated with bringing in

jurors unnecessarily.

7.      The parties shall jointly file with the Court any exhibits to be used at trial by submitting a single CD to the Courtroom Deputy, Suzanne Frish, on or before three (3) days of the start of trial. All of the trial exhibits must be pre-marked and submitted to the Courtroom Deputy in numerical order, whether the exhibits are used or not.

8.      Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the clerk.

9.      The Judiciary's privacy policy restricts the publication of certain personal data in documents filed with the Court.  The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state.  If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court. If a restricted item is mentioned in court, you have waived any right to have it stricken or redacted thereafter.

10.      Timely compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

**SO ORDERED.**                                         /s/ Margaret R. Guzman
                                                        The Hon. Margaret R. Guzman
                                                        United States District Judge

Dated: July 29, 2026

4